## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| JOHN MONTESANTI, | |
|     Plaintiff, | |
| v. | Case No. 3:21-cv-01516 |
| NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, INC., | |
|     Defendant. | |

## COMPLAINT

**NOW COMES** Plaintiff, JOHN MONTESANTI, by and through his undersigned counsel, complaining of Defendant, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER, INC., as follows:

## NATURE OF ACTION

1.      This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2.      "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.      As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5.      Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

6.      JOHN MONTESANTI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Jacksonville, Florida.

7.      Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.      NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER GROUP INC. ("Defendant") is a corporation organized within Texas.

9.      Defendant maintains its principal place of business at 8950 Cypress Waters Blvd., Coppell, Texas 75019.

10.      Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11.      At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0621.

12.      At all times relevant, Plaintiff's number ending in 0621 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13.      At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

14.      Plaintiff currently has a mortgage with Defendant for which is owes approximately $7,000.00.

15.      In June 2020, Plaintiff started to receive solicitation telephone calls and text messages from Defendant about refinancing his home or taking out another mortgage to buy additional property.

2

16.     On multiple occasions, Plaintiff answered Defendant's calls and was met by an approximate three-second pause prior to being connected to a live agent.

17.     During each answered call, Plaintiff notified Defendant that he is not interested in their additional services and to stop calling him.

18.     Specifically, on June 22, 2021, Plaintiff responded to one of Defendant's text messages and requested that Defendant stop contacting him.

19.     Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone and sending Plaintiff text messages.

20.     Plaintiff's request fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiff including calls from the phone number (866) 316-2432.

21.     In total, Defendant placed no less than 15 harassing phone calls to Plaintiff after Plaintiff initially requested that Defendant cease contact with him.

### DAMAGES

25.     Defendant's harassing phone calls and text messages have severely disrupted Plaintiff's everyday life and overall well-being.

26.     Defendant's harassing calls and text messages have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27.     Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

28.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29.     The TCPA defines ATDS as "equipment which has the ***capacity***—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

30.     Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

31.     Accordingly, the system employed by Defendant has the ***capacity*** – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

32.     Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 15 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

33.     As pled above, Plaintiff revoked consent to be called/texted on his cellular phone on multiple occasions during answered calls and via text message.

4

34.     As pled above, Plaintiff was severely harmed by Defendant's collection calls and text messages to his cellular phone.

35.     Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

36.     Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

37.     Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

38.     As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

39.     As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B.      an award of statutory damages of at least $500.00 for each and every violation;

C.      an award of treble damages of up to $1,500.00 for each and every violation; and

D.      an award of such other relief as this Court deems just and proper.

**Intentionally Left Blank**

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: June 30, 2021                                     Respectfully submitted,

                                                       **JOHN MONTESANTI**

                                                       By: */s/ Victor T. Metroff*

                                                       Mohammed O. Badwan, Esq.
                                                       Victor T. Metroff, Esq.
                                                       *Counsel for Plaintiff*
                                                       Sulaiman Law Group, Ltd
                                                       2500 S Highland Ave, Suite 200
                                                       Lombard, IL 60148
                                                       Telephone: (630) 575-8181
                                                       mbadwan@sulaimanlaw.com
                                                       vmetroff@sulaimanlaw.com