IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MONTESANTI, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:21-cv-01516-L |
| NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, INC. | § § § | |
| *Defendants*. | § § | |

## DEFENDANT NATIONSTAR MORTGAGE LLC LLC D/B/A MR. COOPER, INC.'S ORIGINAL ANSWER

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Defendant" or "Nationstar") hereby files its Answer to the Complaint filed by Plaintiff John Montesanti ("Plaintiff" or "Montesanti").

## NATURE OF ACTION

1.     Plaintiff's statement regarding the relief that he seeks touches and concerns Plaintiff's alleged damages and asserts conclusions and/or contentions of law to which no response is required. All allegations in paragraph 1 are hereby denied.

2.     Plaintiff's statement regarding the relief that he seeks touches and concerns Plaintiff's alleged damages and asserts conclusions and/or contentions of law to which no response is required. All allegations in paragraph 2 are hereby denied.

3.     Plaintiff's statement regarding the relief that he seeks touches and concerns Plaintiff's alleged damages and asserts conclusions and/or contentions of law to which no response is required. All allegations in paragraph 3 are hereby denied.

## JURISDICTION AND VENUE

4. Defendant admits this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendant denies all other allegations in paragraph 4 of the Complaint.

5. Defendant admits venue is proper in this Court. Defendant denies all other allegations in paragraph 5 of the Complaint.

## PARTIES

6. Upon information and belief, Plaintiff is a natural person over 18-years-of-age and is a resident of Jacksonville, Florida. Any other allegation in paragraph 6 is hereby denied.

7. Defendant admits the allegations in paragraph 7.

8. Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper is a Limited Liability Company organized under the laws of the state of Delaware. Mr. Cooper is a brand name change for Nationstar Mortgage LLC that occurred in August 2017. Nationstar Mortgage LLC currently conducts business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Defendant denies all other allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9.

10. Defendant admits the allegations in paragraph 10.

## FACTUAL ALLEGATIONS

11. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 11 of the Complaint. To the extent a response is required, deny.

12. Defendant states that the allegations in paragraph 12 of the Complaint are legal conclusions and/or contentions of law to which no response is required. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 12 of the Complaint. To the extent a response is required, deny.

13. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 13 of the Complaint. To the extent a response is required, deny.

14. Defendant admits the allegations in paragraph 14.

15. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 15 of the Complaint. To the extent a response is required, deny.

16. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 16 of the Complaint. To the extent a response is required, deny.

17. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 17 of the Complaint. To the extent a response is required, deny.

18. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 18 of the Complaint. To the extent a response is required, deny.

19. Defendant states that the allegations in paragraph 19 of the Complaint are legal conclusions and/or contentions of law to which no response is required. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 19 of the Complaint. To the extent a response is required, deny.

20. Defendant states that the allegations in paragraph 20 of the Complaint are legal conclusions and/or contentions of law to which no response is required. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 20 of the Complaint. To the extent a response is required, deny.

21. Defendant states that the allegations in paragraph 21 of the Complaint are legal conclusions and/or contentions of law to which no response is required. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 21 of the Complaint. To the extent a response is required, deny.

## DAMAGES

25. Defendant states that the allegations in paragraph 25 of the Complaint touch and concern Plaintiff's alleged damages and assert legal conclusions and/or contentions of law to which no response is required. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 25 of the Complaint. To the extent a response is required, deny.[1]

26. Defendant states that the allegations in paragraph 26 of the Complaint touch and concern Plaintiff's alleged damages and assert legal conclusions and/or contentions of law to which no response is required. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 26 of the Complaint. To the extent a response is required, deny.

27. Defendant states that the allegations in paragraph 27 of the Complaint are legal conclusions and/or contentions of law to which no response is required. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 27 of the Complaint. To the extent a response is required, deny.

## CLAIMS FOR RELIEF

### COUNT I
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*) ("TCPA")

28. To the extent that a response is required, Defendant incorporates by reference its responses set forth in the paragraphs above.

29. Defendant states that the allegations in paragraph 29 of the Complaint are legal conclusions and/or contentions of law to which no response is required. To the extent a response is required, deny.

---

[1] Plaintiff's Complaint did not contain paragraphs numbered 22 through 24.

30. Defendant states that the allegations in paragraph 30 of the Complaint are legal conclusions and/or contentions of law to which no response is required.  To the extent a response is required, deny.

31. Defendant states that the allegations in paragraph 31 of the Complaint are legal conclusions and/or contentions of law to which no response is required.  To the extent a response is required, deny.

32. Defendant states that the allegations in paragraph 32 of the Complaint are legal conclusions and/or contentions of law to which no response is required.  At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 32 of the Complaint.  To the extent a response is required, deny.

33. At this time, Defendant lacks knowledge or information about the truth of the allegation set forth in paragraph 33 of the Complaint.  To the extent a response is required, deny.

34. Defendant states that the allegations in paragraph 34 of the Complaint are legal conclusions and/or contentions of law to which no response is required.  To the extent a response is required, deny.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant states that the allegations in paragraph 37 of the Complaint are legal conclusions and/or contentions of law to which no response is required.  To the extent a response is required, deny.

38. Plaintiff's allegations in paragraph 38 of the Complaint touch and concern Plaintiff's alleged damages and assert legal conclusions and/or contentions of law to which no response is required.  To the extent a response is required, deny.

39. Plaintiff's allegations in paragraph 39 of the Complaint touch and concern Plaintiff's alleged damages and assert legal conclusions and/or contentions of law to which no response is required. To the extent a response is required, deny.

## AFFIRMATIVE DEFENSES

40. Defendant Nationstar states the following defenses to Plaintiff's Complaint, without assuming the burden of proof of any such defense that would otherwise rest on Plaintiff, and reserving the right to amend and/or supplement its responses to Plaintiff's allegations, as well as these avoidances and defenses, as additional information is obtained through the discovery process or otherwise.

41. Plaintiff suffered no actual "concrete" injury and therefore lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). Among other things, Plaintiff was not charged for the calls made to his cell phone, and he articulates no actual damages for his TCPA claims. Plaintiff also suffered no actual concrete injury to the extent that (1) he blocked any incoming calls from Nationstar, (2) his phone did not ring, (3) he chose not to answer his phone. In addition, Plaintiff suffered no separate or additional harm from the alleged use of automated calls that he would not have suffered if the calls were made manually.

42. Plaintiff's claim for violations of the TCPA fails as a matter of law to the extent Plaintiff gave Nationstar prior express consent for the telephone calls at issue in this action. 47 U.S.C. § 227(b)(1)(A).

43. Plaintiff was the unintended recipient of any calls made by Nationstar.

44. Plaintiff's claims are barred because Nationstar did not use an "automatic telephone dialing system" as defined by the TCPA to make the calls alleged in the Complaint because Nationstar's equipment lacked the capacity to store, generate, or produce telephone numbers to be

called using a random or sequential number generator and involved human intervention.

45. Plaintiff does not qualify as a "called party" within the meaning of the TCPA.

46. Nationstar states that at all times relevant hereto it conducted itself in good faith and therefore did not violate any laws. Nationstar maintains that it has acted in conformity with the applicable loan documents. Nationstar further asserts that if any alleged communications violated the TCPA (which Nationstar disputes), such communications were done in good faith or the result of an innocent mistake.

47. Nationstar conducted itself in conformity with applicable laws and regulations, including those governing banking entities; and Nationstar was and is entitled to fairly and lawfully exercise rights under the written agreement(s) with Plaintiff.

48. Plaintiff was a party to one or more written agreements with his lender, including the Note and Mortgage. Nationstar asserts the fact of such written agreements, as well as the terms of such written agreements, act as a bar to Plaintiff's claims.

49. Plaintiff's damages, if any, were caused by the acts or omissions of an individual or entity over whom or which Nationstar exercised no control. To the extent additional individuals or entities are discovered through the discovery process, Nationstar reserves the right to amend its Answer to include these individuals and entities who may have contributed to Plaintiff's purported damages.

50. To the extent that Plaintiff has failed to mitigate his damages, Nationstar denies that Plaintiff's entitled to any damages, and states that Nationstar is not responsible for the same.

51. Plaintiff's claims for exemplary or punitive damages are barred because Nationstar did not engage in knowing or willful misconduct.

52. Plaintiff has failed, in whole or in part, to state a claim upon which relief can be

granted.

53.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

54.     Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, Nationstar incorporates all such defenses set forth in, or contemplated by, Rule 8(c).

55.     Nationstar reserves the right to assert additional affirmative defenses, or to amend its present defenses, as further information becomes available to Nationstar.

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Defendant prays that Plaintiff take nothing by their claims; Plaintiff's claims be dismissed with prejudice; and Defendant be awarded its attorneys' fees, costs, and all further relief to which it may be justly entitled at law or in equity.


Dated: August 26, 2021                                  Respectfully submitted,


                                                        */s/ Taylor W. Meek*
                                                        **TAYLOR W. MEEK,** SBN:  24100197
                                                        tmeek@mcguirewoods.com
                                                        **MCGUIREWOODS LLP**
                                                        2000 McKinney Avenue, Suite 1400
                                                        Dallas, Texas 75201
                                                        Telephone:  214.932.3932
                                                        Facsimile:  469.372.3882

                                                        **ATTORNEYS FOR DEFENDANT**
                                                        **NATIONSTAR MORTGAGE LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2021, a true and correct copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

*/s/ Taylor W. Meek*
**TAYLOR W. MEEK**
